**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                       **Case No. 8:08-mc-60-T-24TBM**

**MICHEL A. PLAUCHE,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the United States' **Petition to Enforce Internal Revenue Summons** (Doc. 1). On May 8, 2008, this court issued an Order to Show Cause directing Respondent Michel A. Plauche to appear before the court on July 10, 2008, at 10:30 a.m. to show cause for his failure to answer an Internal Revenue Service summons duly served upon him July 27, 2007, and directing his appearance/compliance with the summons on August 9, 2007. A Return of Service (Doc. 3) reflects that the Order to Show Cause and a second copy of the Petition were served upon the Respondent May 23, 2008, at Synovus Bank at 4th Street and 3rd Avenue in St. Petersburg, Florida. The Order to Show Cause specifically directed that the Respondent file a written response to the Petition within ten (10) days of the date of service. The court file reflects that the Respondent has failed to file any responsive pleadings.

The show cause hearing was held before the court on July 10, 2008. The court allowed Respondent additional time in case he was delayed by traffic or otherwise, and the proceedings commenced at approximately 10:55 a.m. The Respondent failed to appear. No

other persons appeared on behalf of the Respondent and no evidentiary matters were introduced on his behalf by anyone.

The Petitioner introduced the brief testimony of Steven Brewington, an Internal Revenue Service Officer conducting an investigation for the collection of assessed federal tax liabilities of Mr. Plauche *dba* Plauche Construction for unemployment taxes for the years 1993, 1995, and 1996, and employment taxes for portions of 1992, 1993, 1995, and 1996, together with a civil penalty for 1996. He confirms that Respondent has failed to respond in any fashion to the summons. Given Respondent's failure to honor the summons and his willful nonappearance on the Order to Show Cause, the Petitioner requested that the court issue a warrant for his arrest and detention pending compliance with the summons.

Section 7603 of Internal Revenue Code specifically authorizes the Secretary of the Internal Revenue Service to summons individuals liable for taxes, to require testimony from such individuals, and to require production for examination of books, papers, records, and other data relative to the accurate determination of tax liability. 26 U.S.C. § 7603. A summons issued pursuant to § 7602 may be served by providing an attested copy either in hand to the person to whom it is directed or by leaving such summons at the last and usual place of abode. *See id.*

Pursuant to statutory provisions, the issuance and service of the Internal Revenue Service summons by Revenue Officer G.A. Lacombe for August 9, 2007; the instant Petition; and the court's Order to Show Cause were appropriate and in compliance with the statutes.[1]

---

[1] To obtain judicial enforcement of a summons, the Internal Revenue Service must establish the following: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant for that purpose; (3) the information sought is not already in the possession of the IRS; and (4) the administrative steps required in the Internal Revenue

Pursuant to § 7604, the Secretary may apply to a judge of the United States District Court for the district within which the Respondent resides for an attachment against the Respondent as for a contempt upon his failure to comply. 26 U.S.C. § 7604(b).

Accordingly, it is RECOMMENDED that the court GRANT the Petition to Enforce Internal Revenue Service (Doc. 1). Given that Respondent has wholly failed to abide by the Internal Revenue Service summons and the Court's Order to Show Cause, it is further recommended that the court enter such further orders as are necessary to enforce compliance with the Petition, including an Order directing the attachment or arrest of the Respondent until such time as he has complied with the requirements of the summons.[2]

> Respectfully submitted on this
> 15th day of July 2008.
>
> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

---

Service Code have been followed. *United States v. Powell*, 379 U.S. 48, 57 (1964). This requirement imposes a minimal burden upon the IRS which may be satisfied by sworn affidavits. The ultimate burden is upon the Respondent contesting the summons to disprove one of the four elements of a Government's prima facie showing or to convince the court that enforcement otherwise constitutes an abuse of court process. *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). In this instance, given the testimony of Revenue Officer Brewington, as well as the sworn declaration (Doc. 1-2), the Petitioner has established the four elements necessary to obtain judicial enforcement of the IRS summons. The evidence further indicates that the Respondent has willfully defaulted in responding to the Petition and the Order to Show Cause and by failing to appear for the Show Cause Hearing.

[2]The Government shall arrange for the United States Marshal Service to serve on Respondent a copy of this Report within twenty (20) days and make due return to the court.

3

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of Record